UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA J. CUTCHER,<br><br>            Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKZI, Acting Commissioner of Social Security<br><br>            Defendant. | Case No.  2:21-cv-908-JDP (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 14 & 16 |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  Both parties have moved for summary judgment. ECF Nos. 14 & 16.  For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's is denied, and this matter is remanded for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards were applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a

1    conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

2         "The ALJ is responsible for determining credibility, resolving conflicts in medical

3    testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

4    2001) (citations omitted). "Where the evidence is susceptible to more than one rational

5    interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

6    *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on

7    grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)

8    ("We are constrained to review the reasons the ALJ asserts.").

9         A five-step sequential evaluation process is used in assessing eligibility for Social

10   Security disability benefits. Under this process the ALJ is required to determine: (1) whether the

11   claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical

12   impairment (or combination of impairments) that qualifies as severe; (3) whether any of the

13   claimant's impairments meet or medically equal the severity of one of the impairments in 20

14   C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and

15   (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895

16   F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps

17   of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v.*

18   *Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

19                                    **Background**

20        Plaintiff filed an application for DIB, alleging disability beginning December 28, 2015.

21   Administrative Record ("AR") 165-66. After her application was denied initially and upon

22   reconsideration, plaintiff appeared and testified at a hearing before an ALJ. AR 33-58, 78-81, 88-

23   92. On November 3, 2020, the ALJ issued a decision finding that plaintiff was not disabled. AR

24   20-28. Specifically, the ALJ found that:

25     1. The claimant last met the insured status requirements of the Social
26        Security Act on March 31, 2018.

27     2. The claimant did not engage in substantial gainful activity during
          the period from her alleged onset date of December 28, 2015
28

through her date last insured of March 31, 2018.

* * *

3. Through the date last insured, the claimant had the following severe impairments: upper lumbar levoscoliosis/thoracolumbar scoliotic curvature and menometrorrhagia/polycystic ovary syndrome.

* * *

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

* * *

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently and sit, stand, or walk 6 hours in an 8-hour workday.  She would need to be able to alternate between sitting as [sic] standing as needed, so long as she does not become off-task or have to leave the workstation while doing so.

* * *

6. The claimant has no past relevant work.

* * *

7. The claimant was born [in] 1992 and was 25 years old, which is defined as a younger individual age 18-49, on the date last insured.

8. The claimant has at least a high school education.

9. Transferability of job skills is not an issue because the claimant does not have past relevant work.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

* * *

3

> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 28, 2015, the alleged onset date, through March 31, 2018, the date last insured.

AR 22-28 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 6-10. She now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff advances three primary arguments. First, she argues that the ALJ improperly discounted her subjective symptom testimony. ECF No. 14 at 5. Second, she argues that the ALJ erred by rejecting lay witness testimony. *Id.* at 14. Third, she contends that the decision arises from an unconstitutional administrative process. *Id*. at 17. I agree that the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's subjective symptom testimony, and so I do not reach her remaining two arguments.

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant meets this requirement and there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.'" *Id*. The ALJ's reasons must also be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

At her hearing, plaintiff testified that she stopped working after repeatedly passing out due to intense pain caused by her scoliosis and polycystic ovary syndrome. AR 38-39. She testified that she experiences scoliosis pain when moving or lifting objects as light as a gallon of milk,

loses feeling in her legs when she sits or stands for at least thirty minutes, and experiences debilitating abdominal pain during her menstrual cycle for a period of weeks every two to three months. AR 39, 40, 45, & 47. She rated the intensity of her scoliosis pain a five to seven on a ten-point scale and added that lifting objects, bending, or standing for too long can cause her pain to reach a nine. AR 45. As a result, she cannot pick up her two children, cannot perform household chores for more than approximately twenty minutes, and has trouble showering and cooking. AR 44, 46, 50, & 51. She also testified that she experiences depression and anxiety, impairing her motivation and mood; when these symptoms are present, she has trouble concentrating, maintaining her relationships, and performing household chores. AR 41-43.[1]

After summarizing plaintiff's subjective symptom testimony regarding her physical impairments, the ALJ provided boilerplate language to explain why he found the testimony "not entirely persuasive": "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [plaintiff's] . . . statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 25. The ALJ then briefly summarized the relevant medical evidence before concluding that plaintiff's "limitations [are] consistent with a range of light exertional work activity based on the [her] subjective complaints and testimony to give her the benefit of the doubt." AR 26.

At no point did the ALJ specifically identify any inconsistency between plaintiff's testimony and the evidence of record. Instead, he simply summarized the evidence and asserted, without elaboration, that it demonstrated that plaintiff could perform a significant range of light exertional work. As the Ninth Circuit has explained, "[t]his is not the sort of explanation or kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (finding that the ALJ erred by "simply stat[ing] her non-credibility conclusion and then summariz[ing] the medical evidence supporting

---

[1] At step two, the ALJ determined that plaintiff did not suffer more than mild limitations as a result of her depression and did not exhibit symptoms for any relevant twelve-month period. AR 23.

her RFC determination").

The Commissioner argues that the ALJ properly discounted plaintiff's subjective testimony by showing inconsistency with the objective medical evidence, noting plaintiff's conservative treatment history, and citing the state medical examiner's March 2019 finding of insufficient evidence to establish any physical limitation. ECF No. 16 at 17. However, the Commissioner does not identify where the ALJ explained how any of this evidence is inconsistent with specific pieces of plaintiff's testimony. A general juxtaposition of record evidence with a catalogue of plaintiff's symptom-related testimony is insufficient. "'[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must *explain* what evidence undermines the testimony.'" *Brown-Hunter*, 806 F.3d at 493 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (emphasis added by *Brown-Hunter* court)). The ALJ's failure to set out specific, clear, and convincing reasons to discount the plaintiff's subjective symptom testimony deprives the court of the ability to determine whether his conclusions are supported by substantial evidence.

This error warrants remand to allow for proper consideration of the evidence of record. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 14, is granted.

2. The Commissioner's cross-motion for summary judgment, ECF No. 16, is denied.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated:   September 27, 2022     _____
                                                           JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE